Wu v. Garland

BIA
Cassin, IJ
A200 929 089

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-one.

PRESENT:
    ROSEMARY S. POOLER,
    REENA RAGGI,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

SAIGUAN WU,
        *Petitioner*,

    v.                                          18-2585
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*[1]

_____

FOR PETITIONER:            Zhiyuan Qian, Law Office of David
                           Chien, P.C., New York, NY.

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Merrick B. Garland is automatically substituted for former U.S. Attorney General William P. Barr.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Todd J. Cochran, Trial Attorney; Katherine V. Phillips, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Saiguan Wu, a native and citizen of the People's Republic of China, seeks review of an August 1, 2018 decision of the BIA affirming an August 29, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saiguan Wu,* No. A200 929 089 (B.I.A. Aug. 1, 2018), *aff'g* No. A200 929 089 (Immig. Ct. N.Y.C. Aug. 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., without the inconsistencies that the IJ identified with respect to Wu's travel from China and which days he attended church services in the United States that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d

Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Wu was not credible given his omission of facts related to the severity of his alleged past harm and his inconsistent statements about his practice of Christianity in the United States.

The agency reasonably relied on Wu's omission from his asylum application of the most severe details of his treatment in detention. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (stating that "[a]n inconsistency and an omission are . . . functionally equivalent" for credibility purposes). In that application, Wu stated that an officer slapped him during an interrogation session during his detention in China. But he later testified that he was beaten on his face, stomach, and back. When asked why he did not detail the extent of his beating and injuries in his application, Wu said that he "forgot to write it down." Admin. Rec. at 154–55. In a post-hearing affidavit, he stated that he forgot to tell the attorney who prepared his asylum application that he was beaten on the back and stomach.

Although "asylum applicants are not required to list every incident of persecution" in an application, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), Wu's testimony did not merely provide additional detail, he testified to a substantially more serious attack, *see Majidi v. Gonzales*, 430 F.3d 77, 79-80 (2d Cir. 2005) (relying on applicant's failure to mention that he was present and beaten when his home was ransacked). Nor was the agency required to accept

4

his explanations that he forgot to include the additional information or forgot to provide the information to the attorney. *See id.* at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *see also Hong Fei Gao*, 891 F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). While he now argues that it was "inevitable" that some details were left out because the application "was prepared by someone else" and was not written in his native language, these are not the explanations he offered to the agency and are inconsistent with his prior claim that he forgot to provide the information. Petr's Br. at 6. Because Wu's detention was the basis for his claim, these omissions about the extent of his physical harm constitute substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that even a single inconsistency is sufficient to support an

5

adverse credibility determination if it is material and relates to "an example of the very persecution from which" the applicant seeks asylum).

The agency also reasonably relied on Wu's inconsistent testimony about his baptism to conclude that he was not credible as to his practice of Christianity in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 272–73 (2d Cir. 2007) (upholding adverse credibility determination based on inconsistencies regarding when petitioner was baptized because his "claims of persecution are based on his practice of religion"). Wu submitted certifications from his church that he was baptized three weeks after he began attending services, but he testified that he took classes for twelve weeks before his baptism. After Wu's testimony concluded, the Government and the IJ stated that they had concerns about his credibility because it was not possible to attend classes for twelve weeks in a three-week period. When Wu tried to interject, the IJ advised him to consult with his attorney. Although no explanation was provided at the hearing, Wu later submitted both an affidavit stating that he was excused from the classes because he passed an exam, and a letter from his church to confirm that he was baptized after passing an exam.

The IJ was not required to accept Wu's post-hearing explanation as it conflicted with his unequivocal testimony that he was required to take twelve classes. *See Majidi*, 430 F.3d at 80. While Wu argues that the IJ did not give him an opportunity to explain the inconsistency, an IJ is not required to solicit explanations for inconsistencies that are "obvious and substantial." *Ming Shi Xue v. BIA*, 439 F.3d 111, 120 (2d Cir. 2006).

Because Wu was not credible as to either his past harm or his practice of Christianity, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we do not separately address Wu's argument that there is a pattern or practice of persecution of Christians in China.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7